## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| DESERIE M. CROSSLEY, )<br>)<br>             Plaintiff, )<br>  v. )<br>)<br>DAVID C. ELLIOT, KEVIN RAMES, )<br>ROBERT SIEBENGARTNER AND )<br>ISLAND LYNX FERRY COMPANY, )<br>LLC, )<br>)<br>             Defendants. )<br>_____) | 2007-CV-0017 |

**TO:** Anna Washburn, Esq.
       Kevin Rames, Esq.

### ORDER DENYING PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY DEADLINES NUNC PRO TUNC

THIS MATTER came before the Court upon Plaintiff Deserie M. Crossley's Motion to Extend the Discovery Deadlines Nunc Pro Tunc (Docket No. 60). Defendants Kevin Rames and David C. Elliot have filed a response in opposition.

Plaintiff is asking this Court to extend the discovery deadlines because Plaintiff had no knowledge of them due to an "inadvertent clerical error." Motion at 3. In response, said Defendant claims that Plaintiff has not shown why she did not conform to the Scheduling Order issued by this Court on January 24, 2008. Response at 2.


*Crossley v. Elliot*
2007-CV-0017
Order Denying Plaintiff's Motion to Extend
Page 2

Pursuant to Federal Rules of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." *Id.* Moreover, "[t]o establish good cause, the moving party must demonstrate that a more diligent pursuit of discovery was impossible." *Christian v. U.S.*, No. Civ. A. 98-2045, 1999 WL 1018252 at *3 (E.D. Pa. November 8, 1999). In addition, courts consider whether granting the extension would prejudice the non-moving party. *Dominic v. Hess Oil Corp.*, 841 F.2d 513, 517 (D.V.I. 1988).

Here, an "inadvertent clerical error" does not justify the fact that there has been no discovery propounded to Defendants, no depositions conducted, and no request for an extension of time, within the five month period between the Scheduling Order and discovery deadline. Furthermore, counsel attended a status conference on July 7, 2008, merely a week prior to this motion being filed. Had counsel raised this issue at the status conference, it would have been reflected in the scheduling order that was entered after such conference. *See* Scheduling Order (Docket No. 56), entered July 8, 2008. Yet, a trial date was scheduled for December 8, 2008, and Plaintiff is now requesting that discovery deadlines be extended well into year 2009. Such extensions would be prejudicial to the Defendants' interest in advancing the case in an orderly and prompt manner.

*Crossley v. Elliot*
2007-CV-0017
Order Denying Plaintiff's Motion to Extend
Page 3

      Accordingly, it is now hereby **ORDERED** that Plaintiff's Motion to Extend the Discovery Deadlines Nunc Pro Tunc (Docket No. 60) is **DENIED.**

ENTER:

Dated: July 25, 2008                                /s/
                                                           GEORGE W. CANNON, JR.
                                                           U.S. MAGISTRATE JUDGE