**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| DESERIE M. CROSSLEY,<br><br>                              Plaintiff,<br>    v.<br><br>DAVID C. ELLIOT, KEVIN RAMES,<br>ROBERT SIEBENGARTNER, and<br>ISLAND LYNX FERRY COMPANY,<br>LLC,<br><br>                             Defendants. | 2007-CV-0017 |

TO:   Anna M. Washburn, Esq.
         Kevin A. Rames, Esq.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

THIS MATTER came before the Court upon Plaintiff's Motion For Reconsideration of Order Denying Plaintiff's Motion to Extend the Discovery Deadlines Nunc Pro Tunc (Docket No. 63). Defendant filed an opposition to said motion, and Plaintiff filed a reply thereto.

Pursuant to Local Rule of Civil Procedure 7.3, parties may seek reconsideration of an order issued of the Court based upon "1. intervening change in controlling law; 2. availability of new evidence, or; 3. the need to correct clear error or prevent manifest injustice." LRCi 7.3. It is widely recognized that the "'purpose of a motion for

*Crossley v. Elliot*
2007-CV-0017
Order Denying Plaintiff's Motion For Reconsideration
Page 2

reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Snith v. City of Chester*, 155 F.R.D. 95, 96 (E.D. Pa. 1994) (citation omitted). Having reviewed the submissions of the parties, nothing therein persuades the Court that its previous order requires modification or reversal.

Plaintiff seeks reconsideration of this Court's Order Denying Plaintiff's Motion to Extend the Discovery Deadlines Nunc Pro Tunc (Docket No. 62), stating that Plaintiff's failure to complete discovery or request an extension of the discovery deadline within the time allowed should be deemed excusable neglect.

In support of her contention, Plaintiff cites *Dominic v. Hess Oil Virgin Islands Corp.*, 841, F.2d 513 (3d Cir. 1988). The *Dominic* court, in turn, cites *Consolidated Freightways Corp. of Delaware v. Larson*, 827 F.2d 916 (3d Cir. 1987), where the court

> enumerated factors which are relevant to the evaluation of whether excusable neglect has occurred. Those factors included: 1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure, 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, 3) counsel's failure to provide for a readily foreseeable consequence, 4) a complete lack of diligence or 5) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance. *Consolidated Freightways*, 827 F.2d 916, 919.

*Dominic*, 841 F.2d at 517.

Applying the *Consolidated Freightways* factors to the facts as alleged by Plaintiff, the Court finds that Plaintiff's primary excuse of this case "falling through the cracks" does not constitute *excusable neglect* in this instance. The Court finds that factors numbered two (2) through five (5) weigh against Plaintiff's claim of excusable neglect.

Plaintiff has not demonstrated a manifest error of law or fact. Further, Plaintiff has introduced no *new* evidence in support of reconsideration. Therefore, reconsideration is not warranted on either of those bases.

Plaintiff appears merely to disagree with the Court's ruling. However, "clear error or manifest injustice does not exist when a litigant merely disagrees with the court." *Bostic v. AT & T of the Virgin Islands*, 312 F. Supp. 2d 731, 735 (D.V.I. 2004) (citation omitted). *See also Central Reserve Life Ins. Co. v. Marello*, No. Civ. A. 00-3344, 2001 WL 41129 at *2 (E.D. Pa. January 17, 2001) (where the court states, "Dissatisfaction with the Court's ruling is not a proper basis for reconsideration" (citing *Burger King Corp. v. New England Hood and Duct Cleaning Co.*, 2000 U.S. Dist. LEXIS 1022 (E.D. Pa. Feb. 4, 2000)).

Accordingly, it is now hereby **ORDERED** that Plaintiff's Motion For Reconsideration of Order Denying Plaintiff's Motion to Extend the Discovery Deadlines Nunc Pro Tunc (Docket No. 63) is **DENIED**.

*Crossley v. Elliot*
2007-CV-0017
Order Denying Plaintiff's Motion For Reconsideration
Page 4

ENTER:

Dated: September 8, 2008                             /s/
                                             GEORGE W. CANNON, JR.
                                             U.S. MAGISTRATE JUDGE